## SUPERIOR COURT.

### LATHAM agt. BLISS & CHILDS.

When persons, severally liable, are united as defendants, but appear by different attorneys, and answer separately, and after issue joined, and after the action has been noticed for trial, settle, and, as part of the terms of settlement, agree to pay to the plaintiff the legal costs of the action, the plaintiff is entitled to only one bill of costs. He cannot have a full bill against each defendant. He is entitled to all the disbursements actually made, and which would have been taxable if the defendants had been sued separately.

He is not entitled to a term-fee for a term commencing subsequent to the settlement, although the action had been noticed for such term, and a note of issue filed, and a calendar had been made for such term, containing such action.

*New-York Special Term, Dec.,* 1856.

*Before* OAKLEY, CH. J., BOSWORTH, HOFFMAN *and* SLOSSON, *Justices.*

THE defendants were sued as the maker and indorser of a promissory note: they appeared by different attorneys and answered separately. On the 29th of November, 1856, after the action had been noticed for the December term, and a note of issue had been filed, the parties settled. By the terms of the settlement, the defendants agreed to pay to the plaintiff "the legal costs of the action." The plaintiff made up a separate bill of costs against each defendant, and each bill was the same amount. The clerk adjusted and allowed one bill, and only one, and included in it a fee of $10, for the cause being on the calendar December term, 1856. The parties did not inform their attorneys of the settlement until some time in December. On a motion made to Mr. Justice DUER to correct the taxation, or adjustment of costs, he made an order affirming the clerk's adjustment, except that he disallowed the charge of $10 for the cause being on the calendar December term. From that order the plaintiff appeals.

Latham agt. Bliss & Childs.

Hopper & Howland, *for plaintiff.*

G. R. Whitredge, *for defendant Bliss.*

W. G. Brown, *for defendant Childs.*

By the court—Bosworth, Justice. " The legal costs of the action," which the defendants agreed to pay, means such costs as the plaintiff would have been entitled to recover, if a judgment had been entered in his favor at the time of the settlement without a trial. Section 304 is explicit—that if a maker and indorser of a promissory note are separately sued, the plaintiff shall recover but one bill of costs, and the disbursements in the other action.

There is nothing in the Code which favors the idea that, when they are sued together, the plaintiff may collect full costs of the action of each. He can have but one bill of costs.

Section 306 has no application to the case. That section vests in the court a discretionary power, when several persons, not united in interest, are made defendants, and answer separately, and the plaintiff recovers only against part of them, to award costs to such of the defendants as have judgment in their favor.

In this case the position of the plaintiff is the same as if he had obtained a verdict against all the defendants, and they had then tendered the amount of the verdict, and such sum as might be necessary to pay the costs up to that time. The only difference is, that in the case supposed the plaintiff might have been entitled to a trial-fee.

We think it quite clear, that the plaintiff is entitled to but one bill of costs : that will include all the disbursements made in the action, which are allowed by law.

The cause having been settled before the December term *commenced,* there was no necessity for its being on the calendar of the December term. The fact, that the plaintiff did not inform his attorney of the settlement, may, perhaps, be a reason, why he should compensate his attorney for any services subse-

quently rendered, in ignorance of the settlement, in watching the calendar. But there would seem to be no more reason for charging these costs to the defendants than if the attorneys had been present at the settlement.

We think the order appealed from is right in all respects, and it must be affirmed.