Drew agt. Comstock.

## SUPREME COURT.

### John Drew agt. Jude D. Comstock.

Where the cause was noticed for trial at the circuit by both parties and put upon the calendar by the clerk, and, on saturday previous to the commencement of the circuit on monday, the plaintiff discontinued. *Held,* that the defendant was not entitled to the $10, costs of the circuit.

*Orleans Special Term, March,* 1859.

This cause was regularly commenced and at issue prior to January, 1859, and was noticed for trial for the January circuit by both the plaintiff and defendant. On saturday before the commencement of the circuit the plaintiff served the defendant with a notice of discontinuance of the cause and tendered the costs, which was refused on the ground that it was insufficient in amount, inasmuch as it did not allow the sum of $10 circuit fee, but it was agreed that the cause should be discontinued

Drew agt. Comstock.

and the costs of the defendant taxed by the clerk. Upon taxation, the following facts were agreed upon and submitted to him :

"This cause was noticed by both parties for the term appointed to be held in and for the county of Orleans on the third monday of January, 1859. Notes of issue were filed and the same was put upon the calendar. On the saturday evening previous to the circuit plaintiff served a notice of discontinuance, but refused to pay circuit costs for the January term, which was claimed by defendant's counsel."

Upon the above facts, the clerk allowed the defendant the sum of $10 as claimed by him as a circuit fee for the January term.

Whereupon the plaintiff moved for a retaxation.

DE PUY & BOWEN, *for plaintiff*.
SICKELS & GRAVES, *for defendant*.

DAVIS, Justice. It is assumed by the facts presented that the case was regularly discontinued on saturday before the circuit, and that costs were paid or tendered. The sole question i., as to the amount plaintiff was bound to pay on saturday at the time of discontinuing. The circuit had not then commenced, and I am of opinion that the right to the circuit fee of $10 had, therefore, not attached.

The cause was not necessarily on the calendar, for, had the facts appeared to the clerk, it would have been stricken off before the circuit commenced ; and neither of the other conditions of the right to the fee mentioned in the seventh subdivision of section 307 of the Code could happen in respect to it.

The equities are with the defendant, but the legislature has not made the provisions of the Code broad enough to cover this case. There must be a retaxation and the $10 circuit fee must be disallowed, but without costs of motion.