TALCOTT v. JONASSON et al.

(Supreme Court, Appellate Term. March 24, 1904.)

1. COSTS—RETAXATION.
    Code Civ. Proc. § 3264, provides that costs may be taxed without notice, but in that event the party at whose instance they were taxed must immediately give notice of retaxation, and, if he fails in this, the adverse party is entitled to an order compelling him to do so. *Held*, that where a party had costs taxed without notice, and immediately gave notice of retaxation, but failed to appear at the time set, and the proceedings for

retaxation were thereupon dismissed, the adverse party is not entitled to an order requiring a second notice of retaxation; the proper remedy being a motion for a new taxation, as authorized by section 3265.

2. SAME.

Under Code Civ. Proc. §.3266, providing that the officer taxing costs shall satisfy himself that all the items of a bill of costs are correct and legal, proceedings on due notice for retaxation of costs should not be dismissed on failure of the party giving the notice to appear, his presence not being essential.

Appeal from City Court of New York, Special Term.

Action by James Talcott against Meyer Jonasson and another. From an order denying plaintiff's application for an order directing defendants or their attorneys to serve on plaintiff's attorneys their bill of costs with notice of retaxation thereof, plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and SCOTT and BLANCHARD, JJ.

Bunnell & Bunnell, for appellant.
Hays & Hershfield, for respondents.

FREEDMAN, P. J. A judgment was rendered in the City Court in favor of the plaintiff and against the defendants on the 2d day of July, 1903. The plaintiff appealed to this court. This court affirmed the judgment, with costs. 85 N. Y. Supp. 833. The defendants (respondents) thereupon, without notice to the plaintiff's attorneys, entered a judgment in said City Court for the sum of $102.10, their costs and disbursements · upon the appeal. Thereafter the defendants (respondents) served upon the plaintiff's attorneys their bill of costs, with notice of retaxation. On the day and hour set forth in said notice, plaintiff's attorneys appeared before the clerk of said City Court for all the purposes of such retaxation, but the defendants' attorneys failed to appear, and such retaxation was thereupon dismissed. A motion was thereupon made to compel the defendants to retax their costs before the clerk in accordance with the provisions of section 3264 of the Code of Civil Procedure. The motion for that relief was denied. An appeal has been taken from such portion of said order.

Costs must be taxed by the clerk of the court in the first instance. Code Civ. Proc. § 3262. Costs may be taxed by the clerk without notice, but in that event the party at whose instance the costs were so taxed must immediately give notice of retaxation before the clerk, and, if he fails in this, the adverse party is entitled to an order compelling him to do so, with costs. Code Civ. Proc. § 3264. The defendants herein followed the provisions of that section. At the time fixed for the hearing upon the motion for the retaxation the plaintiff appeared, but the defendants did not. The proceedings were thereupon dismissed by the clerk. Whether this dismissal was procured by application of the plaintiff, or by the clerk, upon his own motion, does not appear. Thereafter the plaintiff, treating the situation as though no motion for a retaxation had been made, applied for the order herein appealed from. We think the plaintiff, under the circumstances disclosed, has mistaken his remedy. "When, under the provisions of section 3262, supra [Code Civ. Proc.], costs are taxed without notice to

the opposite party, the amount of them, as adjusted, is to be entered in the judgment, is to remain unaltered, and is final in form, and complete. ' If the costs are retaxed, and reduced upon retaxation, the judgment is not changed, but the amount of the reduction is to be credited upon the execution." Hewitt et al. v. City Mills, 136 N. Y. 211, 213, 32 N. E. 768. Section 3266 of the Code of Civil Procedure places the duty upon the clerk of ascertaining and satisfying himself, as the taxing officer of the court, that all the terms of the bill of costs are "correct and legal," and, proper notice of a retaxation having been given, it is not essential to such determination that the defendants should be present at the time named for such retaxation. The proceedings should not have been dismissed, but the defendants are in no way responsible for that result. Having been dismissed, the plaintiff was not remediless. Section 3265 of the Code of Civil Procedure provides that a taxation or a retaxation may be reviewed upon a motion for a new taxation. If the plaintiff was aggrieved by the action of the clerk, he should have moved for relief under that section.

Order affirmed, with costs and disbursements. All concur.