(139 App. Div. 385.)

### DAME v. MAYNARD.

(Supreme Court, Appellate Division, Third Department. June 29, 1910.)

1. Costs (§ 216*)—Taxation—Default—Error—New Taxation by the Court.
   A party to a suit, on showing a good excuse for failure to appear before the taxing officer, may have an error in the taxation of costs corrected by the court and a new taxation made, as provided by Code Civ. Proc. § 3265.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. § 823; Dec. Dig. § 216.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**2. Costs (§ 156\*)—Items—Term Fee—Reference of Cause.**

Where it had been agreed before the opening of court to refer a cause to a referee, and such reference was made on the first day of the term, a term fee in such case should not have been charged.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 610; Dec. Dig. § 156.\*]

**3. Costs (§ 157\*)—Trial Fee—When Allowable.**

A trial fee is allowable for each trial, whether such trial result in a determination of the question or prove abortive for any cause.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 613, 614; Dec. Dig. § 157.\*]

**4. Costs (§ 157\*)—Referee—Failure to Report—Trial Fee.**

Where a cause had been referred to a referee, who failed to submit his report within the time allowed, and was then referred to another referee, a trial fee should nevertheless be charged for the first reference.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 614; Dec. Dig. § 157.\*]

Appeal from Special Term, Clinton County.

Action by William Dame against Marshall H. Maynard. From an order striking out certain items from the costs as taxed by the clerk upon defendant's application, defendant appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, COCHRANE, SEWELL, and HOUGHTON, JJ.

Wilmer H. Dunn, for appellant.

John E. Judge, for respondent.

SMITH, P. J. This action was first referred to one Wolcott as referee. Sixty days having expired from the submission of the case to the said referee and no report having been made, the defendant terminated the reference. By stipulation the case was thereafter referred to another referee, who reported in favor of the defendant. The clerk taxed the costs, including therein $10 for the term fee at which the action was referred, and $30 for the trial fee before Referee Wolcott, in addition to $30 for the trial fee before the last referee. Notice of retaxation was given, and upon the default of the plaintiff the costs were retaxed as originally taxed. The plaintiff then, excusing his default, made this motion to strike out from the bill of costs the $10 term fee and $30 trial fee before the first referee. This motion has been granted, and from the order granting the same this appeal is taken.

It is first objected that the plaintiff is without remedy because of his failure to appear before the taxing officer. Section 3265 of the Code of Civil Procedure seems upon its face to authorize a retaxation by the court, upon which the court "may allow or disallow any item objected to before the taxing officer." The latter part of the section authorizes a new taxation to be directed by the court, to be made by the taxing officer under such instructions as the court may give. It cannot be, however, that one who makes excusable default when the costs are taxed can be entirely without remedy. There

---

\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

must be some place where, upon presenting his excuse, he can review that taxation. Section 3265 has been held to authorize relief to a party who has made such default. Talcott v. Jonasson, 43 Misc. Rep. 372, 87 N. Y. Supp. 521. What terms should be granted is a matter for the Special Term to determine upon the application.

The term fee was not properly taxed. The cause was agreed to be referred before the opening of court, and upon the first day of the term, before the case was called, the order of reference was made, so that the case was not necessarily upon the calender for trial. As to the trial fee before the first referee I have more doubt. A trial fee is authorized to the successful party for a trial which miscarries by a disagreement of the jury, or for a trial which is rendered abortive by the disqualification of the judge. The defendant was at no fault for canceling the reference. He was simply exercising his legal right, after the referee had delayed his decision beyond the time allowed him in the Code. I see nothing in the facts of this case to take it out of the general rule that a trial fee is allowable for each trial, whether such trial result in a determination of the question, or prove abortive for any cause.

No affidavit was read by the defendant upon this motion The facts are conceded. There is no occasion for sending the matter back to the taxing officer. The order should be modified, so as to allow the $30 trial fee, and to disallow the $10 term fee, and striking out $10 costs of motion in order appealed from, and, as thus modified, affirmed, without costs to either party.

Order modified, so as to allow the $30 trial fee and disallow the $10 term fee, and striking out $10 costs of motion in order appealed from, and, as thus modified, affirmed, without costs to either party. All concur.