VIOLET MAY RITTER, Plaintiff, *v.* WILLIAM BRACK, Defendant.
WILLIAM RITTER, Plaintiff, *v.* WILLIAM BRACK, Defendant.

Supreme Court, Herkimer County, April 27, 1927.

Costs — retaxation — actions for negligence arising out of same accident — defendant being successful in each case properly taxed full bill of costs in each action pursuant to Civil Practice Act, § 1504 — term fee — defendant not entitled to term fee where cases were not necessarily on trial calendar within meaning of Civil Practice Act, § 1504, subd. m.

In these actions for negligence arising out of the same accident, defendant, who was successful in each case, is entitled, pursuant to section 1504 of the Civil Practice Act, to a full bill of costs in both actions, though they were tried together; the cases were not consolidated and the jury decided two separate verdicts, one in each case.

But defendant is not entitled to a ten-dollar term fee because the actions were noticed for trial and appeared on the trial calendar of the Supreme Court opening in Madison county on February 14, 1921, where several days prior to the commencement of that term, but after the calendar had been made up and printed, the place of trial in each action was changed to Herkimer county, since within the meaning of subdivision m of section 1504 of the Civil Practice Act, neither cause was necessarily on the calendar of the Madison county term.

MOTION by plaintiffs for review, and a retaxation of costs, under Civil Practice Act, section 1536.

*Oscar J. Brown,* for the plaintiffs.

*Asbury H. Harpending,* for the defendant.

EDGCOMB, J. The above-entitled actions are negligence actions, and arose out of the same accident. To save the time of the court, they were tried together before the same jury. The defendant had a verdict in each case, and has taxed a full bill of costs in both actions. The plaintiffs insist that there was but one trial of an issue of fact, and that a trial fee, therefore, can be taxed in but one action, and not in both. I cannot agree with such contention.

Section 1504 of the Civil Practice Act gives to a party entitled to costs thirty dollars " for the trial of an issue of fact." These cases were not consolidated. They were tried together. The jury was asked to, and actually did, decide the questions of fact in both cases, and rendered two separate verdicts, one in each case. Two distinct judgments have been entered. These cases have never

lost their identity. Because the same jury heard and decided the facts in the two causes at one time, applying the same evidence to both cases wherever it was applicable, does not change the situation, and make only one trial of the issues in the two actions. It has been common practice in this district, where several cases have been tried together, to tax a full bill of costs in each, and I think that the party entitled to costs is well within his rights in so doing. This rule should not, of course, be extended to taxable disbursements, where the expenditures have been made in only one action.

This brings us to the second item in defendant's costs of which the plaintiffs complain. The venue in these actions was laid in Madison county. Each case was noticed by the plaintiff for the Trial Term held in that county commencing on the 14th day of February, 1927. Several days prior to the commencement of that term, but after the calendar had been made up and printed, an order was made and entered changing the place of trial of each action to Herkimer county. Notwithstanding that fact, defendant has taxed ten dollars term fees in each action for said term. It is this item to which the plaintiffs object.

Subdivision m of section 1504 of the Civil Practice Act gives to a prevailing party, who is entitled to costs, ten dollars " for each trial term or special term of the supreme court, * * * not exceeding five, at which the cause is necessarily on the calendar, excluding the term at which it is tried or otherwise finally disposed of." The statute recognizes that, where a cause is necessarily on a calendar, it requires attention, and compensation for such services is awarded by this item.

It will be noted that the above section does not give a term fee for every term a case is actually on the calendar, but only when it is necessarily there. Notwithstanding the fact that these cases were actually on the Madison county calendar for the February term, and were placed there in the manner prescribed by statute, I do not think that it can be said that they were necessarily there. When that term opened, they were no longer Madison county cases, and could not have been moved for trial in that county. They were improperly on that calendar, and should have been, and undoubtedly were, stricken therefrom. There was no occasion for the plaintiffs watching that calendar, any more than there would have been had the actions never been noticed for such term.

The authorities strengthen rather than weaken the conclusion which we have already reached. In *Dame* v. *Maynard* (139 App. Div. 385) it was held that the successful party was not entitled to tax a term fee in a cause which was regularly on the calendar, where the case was referred at the opening of court before the

calendar call on the theory that it was not necessarily on the calendar for trial.

In *Latham* v. *Bliss* (13 How. Pr. 416) a dispute arose over the right of the plaintiff to a term fee for a term where the cause had been regularly placed on the calendar, but where the case had been settled before the court opened, pursuant to an agreement that the plaintiff was to have his taxable costs. It was held that such item was improperly allowed, because the case had been settled before the term opened, and there was, therefore, no necessity for its presence on the calendar.

In *Drew* v. *Comstock* (17 How. Pr. 469) plaintiff discontinued the action two days before the opening of the term for which it had been regularly noticed by both parties, and on the calendar of which the cause regularly appeared. Held that defendant was not entitled to a term fee for that term, because the case was not necessarily on such calendar, and should have been stricken therefrom before the court opened.

In *Herzfeld* v. *Reinach* (26 Misc. 489) a successful party was denied the right to tax term fees for terms for which the cause was on the calendar prior to an amendment of the complaint.

The situation in *Nettleton Co.* v. *Story* (121 Misc. 258) is unlike the one in the case at bar, and that decision is not controlling here. There the case went on the calendar where it should have gone, and remained there until it was tried. Being on the several calendars of the very court where it was eventually reached and tried, because of the requirements of the statute, the court held that it was necessarily there, and that the successful party was entitled to a term fee for such terms. I think that it must be held that these cases were not necessarily on the Madison county calendar for the February term, and that the action of the clerk in taxing costs for that term was unwarranted.

The item of thirty dollars trial fee in each action is allowed; the item of ten dollars term fees in each action is disallowed. Each plaintiff is allowed ten dollars motion costs.