CHARLES VERNOLD and Others, Plaintiffs, *v.* FRANCES M. SHULT, Defendant.

Supreme Court, Onondaga County, July 21, 1928.

Costs — case was brought in Municipal Court of City of Syracuse and removed to Supreme Court under Civil Practice Act, § 110, before service of notice of trial — costs before notice of trial are regulated by Syracuse Municipal Court Code, § 164 — costs thereafter are those taxable in action in Supreme Court — extra allowance in this action to foreclose mechanic's lien not proper, since Civil Practice Act, § 1512-a, not effective at time action was brought.

The plaintiffs instituted this action in the Municipal Court of the City of Syracuse. It was removed to the Supreme Court under section 110 of the Civil Practice Act on the ground that the Municipal Court had no jurisdiction.  The action was removed before notice of trial was served.

The plaintiffs are entitled to costs before notice of trial as provided in section 164 of the Syracuse Municipal Court Code.  They are entitled to costs thereafter as provided for in actions in the Supreme Court.

The plaintiffs are not entitled to an additional allowance under section 1512-a of the Civil Practice Act (as added by Laws of 1928, chap. 259) which provides for an additional allowance in an action to foreclose a mechanic's lien, for that statute did not go into effect until after this action was tried.

51

MOTION by defendant for review and a retaxation of costs pursuant to the provisions of section 1536 of the Civil Practice Act.

*Arnold A. Ullman* and *Edward W. Cregg,* for the plaintiffs.

*Oscar J. Brown,* for the defendant.

EDGCOMB, J.   This action, in which it is sought to foreclose a mechanic's lien, was originally brought in the Municipal Court of the city of Syracuse.   On the 7th day of April, 1928, the case was removed and transferred to the Supreme Court, pursuant to the provisions of section 110 of the Civil Practice Act, upon the theory that the Municipal Court had no jurisdiction of the subject-matter. The action was placed on the calendar and brought on for trial at the Onondaga June Equity Term.   Judgment was rendered for the plaintiff, with costs, which have been taxed in the amounts awarded to a plaintiff by article 86 of the Civil Practice Act.

Defendant insists that, inasmuch as the action was originally brought in the Municipal Court of the city of Syracuse, the provisions of the statute relating to costs in that court govern and control, rather than those pertaining to Supreme Court actions, and that, therefore, plaintiff is not entitled to an allowance of twenty-five dollars before notice of trial, fifteen dollars after, thirty dollars trial fee, and seventy-two dollars extra allowance based on a percentage of the recovery.

Section 110 of the Civil Practice Act provides that an action shall not fail or be dismissed because of a mistake in the court in which the action is brought, and that in such a case a justice of the Supreme Court may remove the action to the proper court.   The section further provides that where an order for removal is made, all subsequent proceedings must be the same as if the action had been instituted in the court to which the removal is made.

On April 7, 1928, when the order transferring the case to the Supreme Court was granted, it became a Supreme Court action, the same as if it had originally been brought in that court, and from that time on the provisions relative to costs in the Supreme Court were applicable.   Not so in regard to the proceedings had while the case remained in the Municipal Court.   Costs during that period are governed by the statute pertaining to that court.

All the steps which were taken in the course of the action for which costs have been taxed were had after the case had been removed to the Supreme Court, with the exception of the proceedings before notice of trial.   In an action of this character, a plaintiff, in a Supreme Court action, is allowed twenty-five dollars costs for all proceedings before notice of trial.   They may be many or

few; they may consist merely of the preparation and service of a summons and complaint, or they may include a large amount of other work. It all depends upon circumstances. There is nothing here to show whether anything was done after this action was removed to the Supreme Court up to the time when the notice of trial was served. Concededly, the summons and complaint were drawn and served when it was a Municipal Court action. Under these circumstances, I think that the provisions of the statute relative to costs in the Municipal Court govern so far as this item is concerned, rather than those regulating costs in the Supreme Court.

The Syracuse Municipal Court Code (Laws of 1928, chap. 187) gives to a plaintiff $15 costs for all proceedings before trial in an action where the recovery is more than $200.   (§ 164.)

The bill of costs contains the thirty dollars additional allowance awarded a plaintiff in foreclosure actions by chapter 259 of the Laws of 1928.* That statute does not go into effect until September 1, 1928, and this item, therefore, must be stricken out.

The item of twenty-five dollars before notice of trial is reduced to fifteen dollars and the thirty dollars extra allowance is disallowed. Otherwise, all other items are allowed as taxed.

No costs of this motion.