In the Matter of the Applications for the Appointment of Guardians of the Property of FRANCES DOHERTY and WILLIAM JOSEPH LUDDEN DOHERTY, Infants. (Two Proceedings.)

Surrogate's Court, Bronx County, December 9, 1931.

*Clarence G. Simmons* [*George E. Rosenlicht* of counsel], for the petitioner.

*Thomas F. Doherty*, for the respondents.

*William F. Smith*, special guardian.

HENDERSON, S.   Two separate proceedings were instituted for the appointment of guardians of the estate of the two infants.   The procedure was proper although the reason alleged for the necessity of the appointment in each case was similar, for the estate of one infant is separate and distinct from that of every other infant.

The proceedings were each dismissed on the merits with costs to the respondent father in each proceeding, payable by the petitioner therein.   In one of the proceedings a special guardian was appointed for the infant who was over fourteen years of age and a necessary party thereto (Surr. Ct. Act, § 177, subd. 3), and compensation was allowed him in that proceeding.   The petitioner objects to the taxation of the respondent father's bill of costs as noticed for taxation in each proceeding on the grounds that an application for the appointment of a guardian of an infant's estate is a motion, and that the amount of taxable costs is limited to ten dollars under section 1505 of the Civil Practice Act.   He further contends that the respondent father is entitled to but one bill of costs because both applications were heard simultaneously.

A motion is an application for an order (Civ. Prac. Act, § 113), and an order of this court is a written direction not included in a decree determining the rights of the parties to a special proceeding.   (Surr. Ct. Act, § 78.)   In this court the appointment of a general guardian is made by a decree.   (Surr. Ct. Act, § 179.)   An application for the appointment of a guardian of an infant's estate in a Surrogate's Court is a special proceeding therein, commenced by the filing of a petition, heard by the court upon the issuance and service of a citation, and terminated by a decree.   (Surr. Ct. Act, §§ 174–179.)   Costs therein, payable by a party thereto, may be awarded to a party who has succeeded in a contest.   (Surr. Ct. Act, §§ 275, 276 and 278.)   The proceedings were heard together but were not consolidated.   Although the infants concerned are brother and sister, the same person is the petitioner in each proceeding, and the father of both infants contested each

proceeding, the proceedings did not lose their separate identity. That the respondent father was awarded costs in one of the proceedings does not preclude a similar award in the other. The decision in *Ritter* v. *Brack* (129 Misc. 621), cited by the petitioner, does not uphold his contention, except as to taxable disbursements where expenditures have been made in only one action. On the contrary, it was there held that the successful defendant in two negligence cases arising out of the same accident, tried and decided at one time, was entitled to tax a full bill of costs in each case. *Matter of Rosenberg* (213 App. Div. 167), cited by the petitioner, is not applicable to these proceedings. It was there held that the per diem allowance for services rendered by one firm of attorneys, and seventy dollars costs for contest, could not be multiplied by the number of contestants which the attorneys represented in one proceeding.

Costs taxed and decree signed in each proceeding.