ELSIE BENJAMIN, Plaintiff, *v.* WILLIAM F. WALCH, Defendant.
LOUIS BENJAMIN, Plaintiff, *v.* WILLIAM F. WALCH, Defendant.
HYMAN ASTROWSKY, Plaintiff, *v.* WILLIAM F. WALCH, Defendant.

Supreme Court, Onondaga County, May 21, 1936.

*M. Leonard Shapero*, for the plaintiffs.

*Oscar J. Brown*, for the defendant.

CROSS, J.  This is a motion to review the retaxation of the defendant's bills of costs as taxed by the clerk of the Supreme Court of Onondaga county on the 30th day of April, 1936, and to retax the same by disallowing the objections to certain items of costs in the above-entitled actions.

Elsie Benjamin, Louis Benjamin and Hyman Astrowsky originally brought individual actions against William F. Walch in Municipal Court of the City of Syracuse, N. Y., to recover damages arising out of the alleged negligence of the defendant in the operation of an automobile.  Thereafter, and on or about the 15th day of August, 1935, two other actions were commenced in the same court, one by Jessie C. Walch and the other by Gertrude H. Walch. In these two cases William F. Walch, the defendant herein, and Louis Benjamin and Elsie Benjamin, plaintiffs in two of the above-entitled actions, were made defendants.  Issue was thereafter joined in these cases with the defendant Walch, and the cases were noticed for the September jury term of Municipal Court and in the two latter mentioned cases Louis Benjamin and Elsie Benjamin objected to the jurisdiction of Municipal Court on the ground that they were residents of Brooklyn, N. Y., and, therefore, not subject to the jurisdiction of the Municipal Court of the City of Syracuse. Thereupon the Municipal Court dismissed the complaint in the two latter actions against the defendants Elsie Benjamin and Louis Benjamin.  Thereafter said actions were discontinued against the defendant Walch by stipulation, and the plaintiffs therein commenced action in the Supreme Court, county of Onondaga,

against the same three defendants. Issue was joined in the Supreme Court actions December 11, 1935. It appears that an order was granted staying proceedings in the Municipal Court actions until a motion for removal of the cases then pending in Municipal Court to the Supreme Court could be determined. Thereafter an order was granted by Hon. CLAYTON I. MILLER, directing the removal of the cases brought by Elsie Benjamin, Louis Benjamin and Hyman Astrowsky in Municipal Court, for trial with the two Walch actions pending in Supreme Court. The cases were tried together on the 16th, 17th, 20th and 21st days of April, 1936, before the Hon. CLAYTON I. MILLER and a jury, and verdicts of no cause of action were returned in four of the cases thus tried together, and a verdict for the plaintiff in the sum of thirty-three dollars was returned in the remaining case. The defendant thereafter entered judgment and costs which were taxed in each of these actions. The attorney for the plaintiffs in the above-entitled actions served objections to said bills of costs, objecting to the items of costs, as well as disbursements. It appears from the moving papers that said objections were made on the ground that the Municipal Court costs and not the Supreme Court costs should be taxed. Upon the argument on the retaxation of costs, the deputy county clerk of Onondaga county allowed objections of the plaintiffs to certain items in each of the bills of costs as taxed. The defendant then brought the present motion before this court to review the retaxation by the clerk and to disallow the objections to the various items of the bills of costs.

There would seem to be no question of the right to have separate bills of costs in cases tried together but not consolidated. (*Hoffman* v. *Grobsmith*, 129 Misc. 91; affd., 222 App. Div. 793.) The main question to be decided by the court is whether in such a situation Supreme Court costs rather than Municipal Court costs should apply. Had the actions heretofore brought in Municipal Court by Elsie Benjamin, Louis Benjamin and Hyman Astrowsky against William F. Walch been moved to Supreme Court by reason of lack of jurisdiction of the Municipal Court, Supreme Court costs could properly be allowed, excluding the item of costs " before note of issue is filed." (*Vernold* v. *Shult*, 132 Misc. 801; Civ. Prac. Act, § 110.) There is nothing in the moving papers to show a lack of jurisdiction in the Municipal Court in the three individual actions originally brought by Elsie Benjamin, Louis Benjamin and Hyman Astrowsky against the defendant William F. Walch. The order of Judge MILLER, in so far as disclosed by the moving papers, was granted solely for reasons of convenience and economy in the trial of the actions.

Under such circumstances, it would seem unjust, on a superficial consideration of the question, to penalize plaintiffs by imposition of Supreme Court costs. On further analysis, however, such conclusion is misleading. The plain purpose of the Supreme Court in ordering these actions to be tried together therein was not merely for the benefit of the defendant Walch, but was based on the theory that a single trial involving substantially the same issues between the same parties would result in a saving of time and expense in the administration of justice; the interest of the individual parties thus affected being a mere incident to the broad purpose of the court in drawing all the actions into its jurisdiction. In this view it is clear that the rule relating to costs in the Municipal Court should apply to all these parties, as long as they remained within its jurisdiction, and that, when the order removing the actions to Supreme Court became effective, all parties in the removed actions were then subjected to the rules relating to costs in the Supreme Court. The logic of this interpretation is clear. It will make for order in similar situations.

The moving papers in this application disclose that no note of issue was in fact filed in these actions after they entered the jurisdictional domain of the Supreme Court, the actions being brought on to trial apparently upon the note of issue filed in Municipal Court; this being true, it follows that it is not practicable to divide the proceedings, after note of issue filed and before trial, between the Municipal Court and the Supreme Court, and thus attempt to allocate a portion of the proceedings to each jurisdiction. This leads to the conclusion that costs prescribed in the Municipal Court control, not only the proceedings before note of issue filed, but also the proceedings after note of issue filed and before trial. The first item of costs under the Supreme Court rules will be the one "for the trial of an issue of fact." No term fees should be allowed in the action under the Supreme Court rules, for the reason that the papers do not show that any notice of trial or note of issue was served in the Supreme Court. This is a condition. (Carmody N. Y. Practice, vol. 11, p. 163; *Gowing* v. *Levy*, 63 Hun, 630.) In addition, a cause must be necessarily on the calendar for the particular term in order to tax term fee for such term. (*Ritter* v. *Brack*, 129 Misc. 621.)

Taking each of the above-entitled actions specifically:

In the case of Elsie Benjamin, plaintiff, v. William F. Walch, defendant: Costs before notice of trial, ten dollars disallowed; costs after notice of and before trial, fifteen dollars disallowed; trial fee, issue of fact, thirty dollars allowed; trial fee more than two days, ten dollars allowed; attending and taking depositions, ten dollars allowed; term fees, ten dollars disallowed.

In the case of Louis Benjamin, plaintiff, v. William Walch, defendant: Notice of trial, ten dollars disallowed; costs after and before trial, fifteen dollars disallowed; term fees, ten dollars disallowed.

In the case of Hyman Astrowsky, plaintiff, v. William F. Walch, defendant: Costs before notice of trial, ten dollars disallowed; costs after notice and before trial, fifteen dollars disallowed; trial fee issue of fact, thirty dollars allowed; trial fee more than two days, ten dollars allowed; attending and taking deposition, ten dollars allowed. Term fees for following terms, viz., January, 1936, and March, 1936, ten dollars disallowed.

It is not before me what the costs are as prescribed in the rules of the Municipal Court of Syracuse, so I cannot designate the precise sums, if any, to be taxed, while the actions still remained within its jurisdiction. The above formula can be applied with certainty and order prepared in accordance with this opinion. No costs are allowed to either party on this motion. Ordered accordingly.