MARTIN v. PRENTICE.

(Supreme Court, Appellate Division, First Department. July 13, 1909.)

ACTION (§ 57*)—CONSOLIDATION—STATUTES.

    Code Civ. Proc. § 817, authorizes consolidation of two or more actions in favor of the same plaintiff against the same defendant, where the causes may be joined; and section 818 authorizes such consolidation where one of the actions is pending in another court, when the Supreme Court may remove the action and consolidate it with the action pending therein. *Held*, that there could be no consolidation of a Municipal Court action brought by a physician against plaintiff for professional services with an action in the Supreme Court by plaintiff against the physician for malpractice; the two actions not being by the "same plaintiff" against the "same defendant."

    [Ed. Note.—For other cases, see Action, Dec. Dig. § 57.*]

Appeal from Special Term, New York County.

Action by Charles H. Martin against Alfred C. Prentice. From an order consolidating an action in a Municipal Court, in which plaintiff was defendant and defendant was plaintiff, defendant appeals. Reversed, and motion denied.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward A. Jones, for appellant.
George Francis O'Neill, for respondent.

SCOTT, J. Defendant, a physician, sued plaintiff in the Municipal Court for professional services. Two days later, and before answer in the Municipal Court, plaintiff begun this action for damages for malpractice. Thereupon the order appealed from was made, consoli-

dating the Municipal Court action with this action, and authorizing defendant to interpose as a counterclaim in this action the matter alleged as a cause of action in the Municipal Court.

The order cannot be sustained. Section 817 of the Code of Civil Procedure authorizes a consolidation of two or more actions in favor of the same plaintiff against the same defendant, where the causes of action are such as may be joined. Section 818 authorizes such a consolidation where one of the actions is pending in another court, when this court may remove the action and consolidate it with an action pending here. But the two sections must be read together, and are applicable only where they are in favor of the same plaintiff. Such is not this case, and the sections cited above furnish no authority for the order. Miller v. Baillard, 124 App. Div. 555, 108 N. Y. Supp. 973; Mayor v. Coffin, 90 N. Y. 312.

Goepel v. Robinson Machine Co., 118 App. Div. 161, 103 N. Y. Supp. 5, relied on to sustain the order, fell exactly within the terms of the Code. The actions in this court and the City Court were by the same plaintiff against the same defendant, upon notes made at the same time, arising out of the same transaction, and to which the same defenses applied. The defendant had a right to bring his action in the Municipal Court, a forum of his own choosing, and cannot be compelled to abandon that forum and interpose his demand as a counterclaim in an action which he cannot control in another forum.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.

INGRAHAM, McLAUGHLIN, and CLARKE, JJ., concur.

LAUGHLIN, J. I agree that the court was without jurisdiction to consolidate the two actions; but I am of opinion that the Supreme Court should have stayed proceedings in the action in the Municipal Court until the trial and determination of this action, because the Municipal Court did not have jurisdiction to award the plaintiff in this action the judgment which he demands against the physician for malpractice, and a judgment in the Municipal Court in favor of the physician for his services would bar the action for malpractice. See Gates v. Preston, 41 N. Y. 133; Blair v. Bartlett, 75 N. Y. 150, 31 Am. Rep. 455; Bellinger v. Craigue, 31 Barb. 534.