yse v. Mayor, 128 N. Y. Supp. 776, made by Putnam, J. We think that the decision of the Special Term should be affirmed, with $10 costs and disbursements, upon the said opinion in People ex rel. Sullivan v. Mayor.

Order affirmed, with $10 costs and disbursements.

---

INTERNATIONAL POST CARD CO. v. LITHOGRAPH & MFG. CO. OF THE UNITED STATES.

(Supreme Court, Appellate Division, First Department. April 7, 1911.)

1. ACTION (§ 57*)—CONSOLIDATION.

Where a manufacturer brought an action in the Municipal Court for goods sold and before that case was tried the purchaser brought an action in the Supreme Court for a breach of the same contract, the purchaser was not entitled to have the Municipal Court action consolidated with that in the Supreme Court and tried together; for the purchaser could interpose its claim for damages as a counterclaim, and, if that claim exceeded the jurisdiction of the Municipal Court, it could, under section 157 of the Municipal Court act (Laws 1902, c. 580), maintain a separate action for the excess.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 57.*]

2. ACTION (§ 68*)—STAY OF PROCEEDINGS—ISSUE.

The trial of an action should not be stayed until after issue has been joined, for until then it cannot be determined whether there is any necessity. for the stay.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 68.*]

Appeal from Special Term, New York County.

Action by the International Post Card Company against the Lithograph & Manufacturing Company of the United States. From an order staying its action in the Municipal Court of the City of New York, defendant appeals. Order reversed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Earl Bryant Barnes, for appellant.
Rudolph Marks, for respondent.

McLAUGHLIN, J. The plaintiff and defendant entered into a contract by which the defendant agreed to manufacture for the plaintiff, at an agreed price, certain post cards. The contract as originally made, or thereafter modified, was not fully performed by reason of a disagreement between the parties, and each, according to the moving papers, now claims to be entitled to recover damages against the other for its failure to perform. The defendant also claims to be entitled to recover from the plaintiff $163.44 for cards delivered, and it brought an action in the Municipal Court of the City of New York to recover that amount. Thereupon the plaintiff brought this action in the Supreme Court to recover its alleged damages for the defendant's failure to perform the contract. Before issue had been joined in either action, the plaintiff moved to consolidate the two actions, or, in the alternative, to stay the trial of the action in the Municipal Court until after the determination of this one. The motion was

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

.granted to the extent of staying the Municipal Court action until after the determination of this action, and the defendant appeals.

[1] The defendant had the right to bring the action which it did in the Municipal Court. That was the forum which it selected, and it cannot be compelled to abandon that forum, and interpose its de-mand as a counterclaim in an action which it cannot control in an-other forum. Martin v. Prentice, 133 App. Div. 741, 118 N. Y. Supp. 215; Walkup v. Mesick, 110 App. Div. 326, 97 N. Y. Supp. 142; Jones v. Leopold, 95 App. Div. 404, 88 N. Y. Supp. 568. If it be true, as claimed, that the plaintiff has sustained damage for breach of con-tract to the extent of $2,000, that is no reason why the plaintiff in the Municipal Court action should be deprived of its right to have its demand tried in the forum selected by it. This plaintiff can, in that action, interpose its claim for damages as a counterclaim, and while it is true that the amount it could recover would be limited to the sum to which that court has jurisdiction, if it appeared that it is en-titled to any greater amount it could then maintain an action to re-cover the balance. Section 157, Municipal Court Act.

[2] Besides, the trial of an action ought not to be stayed until after issue has been joined. Until then it cannot be determined wheth-er there is any necessity for a stay. For aught that appears the claim of the plaintiff may not be contested. Raymore Realty Co. v. Pfoten-hauer-Nesbit Co., 139 App. Div. 126, 123 N. Y. Supp. 875. Indeed, in the papers before us it seems to be conceded by the respondent that the appellant has in fact furnished cards which, at the stipulated price, amount to the sum claimed by it in the Municipal Court action.

The order, so far as appealed from, is reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.