UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff, *v.* McGUIRE & COMPANY, INC., Defendant.

Supreme Court, Onondaga County, August 25, 1937.

*Bond, Schoeneck & King,* for the plaintiff.

*J. Stuart Fero,* for the defendant.

ZOLLER, J. Plaintiff has brought its action against defendant in the Municipal Court of the City of Syracuse to recover the sum of $2,998.16. In its amended complaint plaintiff has alleged three separate causes of action against the defendant. Defendant has served an amended and supplemental answer, in which the material allegations of the amended complaint are denied and a separate answer and defense are alleged and four counterclaims are interposed aggregating $6,112.47. Defendant demands judgment against the plaintiff in that amount.

Defendant has made a motion in Supreme Court for an order transferring the Municipal Court action to this court, on the ground

that the Municipal Court of the City of Syracuse no longer has jurisdiction of the subject-matter of said action. This motion was made pursuant to section 110-a of the Civil Practice Act, which section was added to the Civil Practice Act by chapter 605 of the Laws of 1932, and was thereafter slightly amended by chapter 317 of the Laws of 1935. This section reads as follows:

" Whenever in any action or special proceeding it shall appear that the damages sustained are greater in amount than originally alleged, claimed or prayed for in any pleading and the court in which such action or proceeding is pending is not empowered to award a judgment for such increased amount, the action or proceeding may be removed to a court having the proper jurisdiction.

" 2. An application for such removal may be made by the aggrieved party or his attorney to a judge or justice of the court to which it is sought to remove such action or proceeding upon five days' notice thereof given to the opposite party or his attorney. Such judge or justice, if satisfied by documentary proof or otherwise that the circumstances are such as to entitle the applicant to the relief sought, shall make and enter an order granting the application and directing the removal of such action or proceeding to the court of which he is a judge or justice.

" 3. The clerk of the court in which such action or proceeding is pending, upon the filing with him of a certified copy of such order, together with proof of service of a copy thereof and of notice of entry thereof, shall transfer all papers and records in such action or proceeding to the court to which the same has been ordered removed and, thereupon, the action or proceeding shall continue in such court as if originally instituted therein. In an action triable by a jury, unless a reference is directed or the parties waive the trial by a jury by the court to which the same has been ordered removed, the issues of fact in the action must be tried by a jury."

Obviously, this is not a motion for the consolidation of two actions pending in different courts. If defendant had elected not to interpose any counterclaim in its answer to plaintiff's action in Municipal Court and had brought an action in Supreme Court, or having interposed its counterclaims in the Municipal Court action and then had brought an action in Supreme Court for the same cause of action alleged in its several counterclaims, defendant might well have moved for a consolidation of both actions. (Civ. Prac. Act, §§ 96, 97; *Martin* v. *Bull*, 236 App. Div. 637.)

Defendant has found it necessary to make its motion to have the action transferred from Municipal Court to Supreme Court because of section 86 of the Syracuse Municipal Court Code (Laws of 1928, chap. 187), which reads as follows: " Amount recoverable

on counterclaim. A counterclaim may be interposed and judgment thereon in favor of the defendant may be rendered for any sum not to exceed three thousand dollars exclusive of interest and costs."

Defendant does not claim that the Municipal Court of the City of Syracuse has not acquired jurisdiction of plaintiff's alleged cause of action. Subdivision 1 of section 7 of said Code, entitled " Jurisdiction," provides in part that the Municipal Court of the City of Syracuse shall have jurisdiction " When the amount claimed does not exceed three thousand dollars, exclusive of costs." Defendant further concedes that said Municipal Court has not " automatically " lost jurisdiction of the action solely because its counterclaims exceed in amount the sum of $3,000, or, as stated in counsel's memorandum, are " in excess of the jurisdiction of the Municipal Court." I think there is no question but that is well-settled law. It is also claimed and conceded as well that the several counterclaims alleged in defendant's amended answer are counterclaims within the definition thereof as set forth in section 266 of the Civil Practice Act.

It appears for what it may be worth that the original answer of the defendant herein, which contained two counterclaims and wherein judgment against the plaintiff was demanded in the sum of $4,451.81, was prepared and served in behalf of the defendant by an attorney other than the attorney who now represents defendant. It also appears that after issue was first joined by reason of the original pleadings both the plaintiff and defendant made various motions and cross-motions, which resulted in a stipulation between the attorneys whereby the plaintiff amended its complaint and the defendant served its amended and supplemental answer. This answer contains substantially the same denials and affirmative defenses as were alleged in the original answer, but two counterclaims were added, making four in number, and increasing the amount demanded from $4,451.81 to $6,112.47. Because of the various proceedings and maneuvers on the part of the counsel for both parties in the Municipal Court, plaintiff's counsel now urge that defendant is not entitled to the relief which it seeks on this motion. On the other hand, counsel for the defendant points out that the language of said section 110-a of the Civil Practice Act does not indicate or specify any particular time when the relief therein provided for may be sought by one who desires to avail himself thereof. He urges that the wording " Whenever * * * it shall appear " is so general as to indicate a wide latitude in time for the bringing on of a motion therein provided for. He also argues that the very language of the section presupposes that pleadings, various papers and records have been served and filed

by the party who feels aggrieved before the motion has been made. In support of his position, counsel for defendant has cited *DeLisa* v. *Trifoglio Construction Co., Inc.* (149 Misc. 532); *Beadle* v. *County of Orleans* (148 id. 302); *Morris* v. *Perlman* (145 id. 892; affd., 237 App. Div. 857), and he also calls attention to *Vernold* v. *Shult* (132 Misc. 801) and *Luther* v. *Silver* (130 id. 21). It will be observed that in each one of these cases it was the plaintiff who, having started an action in one court, saw fit or found it necessary to have it transferred to another court of larger jurisdiction. This is not the case here.

No authority has been submitted by counsel for defendant establishing the right of a defendant to have an action already commenced in a court which has unquestioned jurisdiction thereof transferred to some other court by the intervention of a counter-claim, the trial and disposition of which are beyond the jurisdiction of the original court.

In *Beadle* v. *County of Orleans (supra)*, Official Referee WHEELER says: " Section 110 of the Civil Practice Act is very broad in its provisions giving power to the Supreme Court to remove actions and proceedings instituted in the wrong court to the proper court. The section is silent as to when steps to remove are to be taken. In the broadest terms, however, the section declares, ' No action or special proceeding shall fail or be dismissed on the ground of a mistake in the court in which the action or proceeding is brought ' * * *. The referee is of the opinion that the proceeding had not progressed so far that it was beyond the power of the Supreme Court to remove the proceeding to the County Court. To hold otherwise would be to defeat the very purpose and language of section 110." No fault should be found with that statement of the law. Nevertheless, in my opinion, it has no application here.

In other words, it seems to me that any construction of sections 110 and 110-a must be within both reasonable and fair limitations. The element of time may be unimportant where a plaintiff seeks relief under the provisions of either section. It may be, however, of considerable importance and consequence when a defendant attempts to avail himself of the relief afforded thereby. But even if the question of time is not involved, I do not believe that a defendant is to be permitted to benefit by reason of the provisions of said two sections simply by interposing a counterclaim in such an amount as would entitle him to such relief, if he were a plaintiff. Other-wise, under such circumstances as are here, a court which plaintiff has chosen as his forum, having acquired jurisdiction of the sub-ject-matter, could be ousted of that jurisdiction by defendant's whim or some ulterior motive expressed in his answer as a counter-

claim for damages in a larger amount than the jurisdiction of that court. A defendant so situated has adequate remedy and to hold that he cannot by way of a counterclaim disturb the jurisdiction which the plaintiff has chosen does not foreclose his right to a day in court for the purpose of proving the damages which he claims. This certainly is true in courts of record. It may not be true in a Justice's of the Peace Court, which is not a court of record. (Justice Court Act, § 140.)

It should appear at this point that plaintiff duly served a reply to the counterclaims and the affirmative defenses contained in the defendant's amended and supplemental answer denying the material allegations thereof and alleging as a separate defense that the causes of action alleged in defendant's first counterclaim did not accrue within six years next preceding the commencement of the action.

Defendant's motion is denied (*Matter of Byrne* v. *Padden*, 248 N. Y. 243, 247; *Silberstein* v. *Begun*, 232 id. 319, 323, 324; *Howard Iron Works* v. *Buffalo El. Co.*, 176 id. 1; *International Post Card Co.* v. *Lith. & Mfg. Co.*, 144 App. Div. 72; *Dale* v. *Prentice*, 126 id. 137), with ten dollars costs of motion.

An order may be submitted accordingly.