WOODLINE, INC., Plaintiff, *v.* LITTLE DARLING FURNITURE, INC., Defendant.

Supreme Court, Special Term, Kings County, December 2, 1946.

*Bernard L. Seligman* for defendant.

*Harold J. Robbins* for plaintiff.

WALSH, J. Defendant moves to remove this action from the Municipal Court to this court on the ground that the Municipal Court does not have jurisdiction of defendant's counterclaim for $10,000. Plaintiff's complaint is for goods sold and delivered. Defendant's counterclaim is for breach of contract. The applicable part of subdivision 1 of section 110-a of the Civil Practice Act reads as follows: '' Whenever in an action or special proceeding it shall appear * * * that the damages sustained are greater in amount than originally alleged, claimed or prayed for in any pleading and the court in which such action or proceeding is pending does not have jurisdiction thereof or is not empowered to award a judgment for such increased amount, *or the court does not have jurisdiction of the subject-matter,* the action or proceeding may be removed to a court having the proper jurisdiction.''

This is not a case where '' the damages sustained are greater in amount than originally alleged * * * in any pleading '' and if the section were so limited, this motion should be denied (*United States F. & G. Co.* v. *McGuire & Company, Inc.,* 164 Misc. 120). Since that case was decided, the section was further amended by adding '' or the court does not have jurisdiction of the subject-matter '' (L. 1943, ch. 475). The Municipal Court does not have jurisdiction of a counterclaim for $10,000. Defendant states it has interposed the counterclaim to obtain an adjudication against the plaintiff, which is a New Jersey corporation, not now doing business in the State of New York, and on which it could not serve process in an action in this court. Of course, the defendant is not without remedy as it could sue in the Federal courts.

In the Municipal Court, a motion to strike out the defense has been granted to the extent that the counterclaim has been reduced to $1,000 unless the defendant procures a transfer of the case to this court.

The provision of section 110-a, added in 1943, would seem to authorize the motion for the transfer.

Motion is granted. Submit order.