ABRAHAM WEINICK et al., Doing Business under the Name of A. WEINICK & SON, Plaintiffs, *v.* I. G. S. PANTS Co., INC., Defendant.

Supreme Court, Special Term, New York County, May 14, 1947.

*Nachamie & Benjamin* for defendant.

*Max Feinberg* for plaintiffs.

HAMMER, J. This is an application, under section 110-a of the Civil Practice Act, by defendant in a Municipal Court action to transfer that action to this court for trial, on the ground that the damages sustained by the defendant and claimed in its counterclaim are in excess of the jurisdictional amount for which the Municipal Court is empowered to award judgment.

In the action pending in the Municipal Court, Borough of Manhattan, First District, plaintiffs seek to recover the sum of $360.36 for balance of moneys due for work, labor and services and materials furnished, and upon an account stated. The amount claimed in the summons does not exceed $1,000, exclusive of interest and costs.

Defendant's answer, in addition to a general denial, sets up a counterclaim for damages in the sum of $9,318, arising out of plaintiffs' alleged breach of contract and negligence. It also contains the statement that pursuant to section 110-a of the Civil Practice Act, an application will be made to remove the action to the Supreme Court.

As provided in section 86 of the New York City Municipal Court Code (L. 1915, ch. 279), a counterclaim may be interposed and judgment thereon in favor of defendant may be rendered for any sum not to exceed $1,000, exclusive of interest and costs. Section 110-a of the Civil Practice Act provides for removal from a court of limited jurisdiction whenever it shall appear that the damages sustained are greater in amount than originally alleged, claimed or prayed for in any pleading, and the court in which such action or proceeding is pending does not have jurisdiction thereof or is not empowered to award a judgment for such increased amount, or the court does not have jurisdiction of the subject matter.

In this action the damages alleged in defendant's counterclaim are those originally claimed, and prayed for, and the

amount thereof is not sought to be increased. In *United States F. & G. Co.* v. *McGuire & Company, Inc.* (164 Misc. 120) it was held a defendant has no right, under sections 110 and 110-a of the Civil Practice Act, to the removal of an action already commenced in a court which has unquestioned jurisdiction thereof, to some other court, simply by interposing a counterclaim, the trial and disposition of which are beyond the jurisdiction of the original court. Since the decision in that case, section 110-a of the Civil Practice Act was amended to include the provision for transfer where the court does not have jurisdiction of the subject matter (L. 1943, ch. 475).

Section 6 of the Municipal Court Code provides the Municipal Court of the City of New York shall have jurisdiction of certain actions, including an action upon a contract express or implied, when the amount claimed in the summons does not exceed $1,000 exclusive of interest and costs. Here, in the Municipal Court action, both the action and the counterclaim are upon contract, and the amount of the summons does not exceed $1,000 exclusive of costs and interest. The Municipal Court therefore has jurisdiction of the subject matter of the action, and is not ousted of such jurisdiction because the counterclaim involves a sum greater than that for which the court may render judgment in defendant's favor, as provided by section 86 of the Municipal Court Code (*Matter of Byrne* v. *Padden*, 248 N. Y. 243; *Silberstein* v. *Begun* 232 N. Y. 319; *2525-7th Ave. Corp.* v. *Knight*, 260 App. Div. 733).

The defendant, by pleading its counterclaim in the Municipal Court action, seems to have submitted the entire claim to the jurisdiction of that court, limited, however, to a recovery of $1,000 as provided in section 86 of the Municipal Court Code (*Silberstein* v. *Begun, supra*). In that case it was also indicated that if injustice resulted to the defendant, it would be due solely to defendant's own act, since it was optional with defendant whether it would assert its claim as a counterclaim in the Municipal Court action, or maintain an independent action in the Supreme Court to recover the entire amount.

In *Woodline, Inc.,* v. *Little. Darling Furniture* (188 Misc. 889) a foreign corporation instituted an action in the Municipal Court for goods sold and delivered and defendant by answer counterclaimed for $10,000 for breach of contract. It was there held defendant was entitled to have the action removed to the Supreme Court, on the ground that the Municipal Court did not have jurisdiction of the subject matter.

This decision (in *Woodline, Inc.*, v. *Little Darling Furniture, supra*) seems to be contrary to that here stated but under authority of the cases cited above it must be confined to its own facts.

The motion accordingly is denied.