■ In the Matter of Annis International, Inc., Respondent against Jamin Manufacturing Company, Appellant. — Order unanimously reversed, on the law, with $20 costs and disbursements to the appellant, and the motion denied, with $10 costs. A defendant sued on a simple claim for work, labor, and services and for an account stated in the Municipal Court, does not, merely by the interposition of a counterclaim beyond the jurisdictional limits of that court, thereby become entitled to invoke subdivision 1 of section 110-a · of the Civil Practice Act and remove the entire proceeding to the Supreme Court (*Weinick* v. *I. G. S. Pants Co.*, 189 Misc. 516; *United States Fidelity & Guar. Co.* v. *McGuire & Co.*, 164 Misc. 120). Defendant may elect to continue its $235,397.66 counterclaim in the Municipal Court action, in which event any recovery thereon would be limited to $3,000 (*Silberstein* v. *Begun*, 232 N. Y. 319), or it may bring an independent action thereon in the proper court; but in neither event may it delay plaintiff's right to a speedy determination of its claim of $2,628.37 for work, labor and services. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ Ksenia Chudyk et al., Plaintiffs, v. 5th Ave. Coach Line, Inc., et al., Defendants. (Action No. 1.) Kalman Nolnar et al., Respondents, v. Fifth Avenue Coach Lines, Inc., Appellant. (Action No. 20.) (And 22 Other Actions.) — Order denying motion for consolidation unanimously modified on the law and the facts and in the exercise of discretion, so as to direct a joint trial of Action No. 20 with the 19 consolidated actions when the latter are reached for trial. Although the actions cannot be consolidated organically, they should be tried jointly. They all arise out of the same accident, require much the same proof, and would work no substantial prejudice to any of the parties (Civ. Prac. Act, § 96-a; *Vidal* v. *Sheffield Farms Co.*, 208 Misc. 438). In view of the large number of parties who will be presenting medical proof, it may not be inappropriate for the trial court, in the exercise of its discretion, to direct a trial to determine the issue of liability alone before proceeding to try the issue of damages (Civ. Prac. Act, § 443). Settle Order. Concur — Botein, P. J., Rabin, Valente, McNally and Stevens, JJ.

■ Helen S. Rosenfield, Appellant, v. Jacob Rosenfield, Respondent. — Judgment unanimously affirmed. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ William Ho, Appellant, v. Chen Ping Ling et al., Respondents. — Order unanimously affirmed, with $20 costs and disbursements to the respondents. No opinion. Concur — Breitel, J. P., M. M. Frank, Valente, McNally and Stevens, JJ.

■ The People of the State of New York, Respondent, v. George W. Baker, Appellant. — Judgment unanimously affirmed. No opinion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and McNally, JJ.