Jacob J. Schwartzwald, J.
The applicant seeks the removal to the Supreme Court of a Municipal Court action instituted against the applicant herein to recover upon a promissory note duly made and delivered to the plaintiffs for merchandise admittedly purchased by the defendant. By failure to deny, the defendant admits its liability upon the note.
The defendant predicates this application upon the theory that, having interposed a counterclaim against plaintiffs for $50,000 damages for breach of contract, and since it is confined in the Municipal Court by the court’s limited jurisdiction of $3,000, it is therefore entitled to have the Municipal Court action removed to the Supreme Court pursuant to subdivision 1 of section 110-a of the Civil Practice Act, particularly as amended in 1943.
The great weight of authority existing in favor of having the lower court retain the action requires the denial of the instant application.
*908 The generally accepted view is that a defendant may not,, by interposing a counterclaim seeking a judgment in excess of the court’s jurisdictional limits, invoke section 110-a to oust the Municipal Court of the jurisdiction which it had prior thereto duly acquired (Matter of Annis Int. v. Jamin Mfg. Co., 6 A D 2d 1003; Weinick v. I. G. S. Pants Co., 189 Misc. 516; United States Fid. & Guar. Co. v. McGuire & Co., 164 Misc. 120; Good-Wine Realty Corp. v. Fishman, 17 Misc 2d 510).
There is but one case found to the contrary, Woodline v. Little Darling Furniture, 188 Misc. 889 (Supreme Ct., Kings County, 1946). It was later said of the Woodline decision that it “ must be confined to its own facts ” (Weinich v. I. G. S. Pants Co., supra, p. 519). In the Woodline {supra, pp. 890, 891) case a foreign corporation instituted action in the Municipal Court of the City of New York for goods sold and delivered. The defendant filed a counterclaim for $10,000 for breach of contract. The defendant then applied to the Supreme Court for removal of the entire action to that court on the ground that plaintiff was no longer doing business in New York and could not be served with process. The court was of the opinion that the provision in section 110-a, “ or the court does not have the jurisdiction of the subject-matter ” which had been added in 1943 “ would seem to authorize the motion for the transfer ” and granted the motion.
However, the Appellate. Division, Third Department, subsequently had occasion to examine the historical origin of the pertinent phrase, “ or the court does not have jurisdiction of the subject-matter,” (Eighth Annual Report of N. Y. Judicial Council, 1942, pp. 314-315) and concluded that subdivision 1 of section 110-a may be invoked to remove an action in only two types of cases. The court found: “As amended, section 110-a still deals with only two classes of cases: (1) cases in which the amount of the damages turns out to be greater than the amount the court is empowered to award, (2) cases in which a question as to the title to real property is raised in a court which has no jurisdiction to decide such questions. The reference in the latter part of subdivision 1 of section 110-a to the court’s not having ‘ jurisdiction of the subject-matter ’, upon which the Special Term placed stress, must be read in the light of the first part of the subdivision, limiting the scope of the section to the two classes of cases enumerated therein.” (Matter of Taras [City of Albany], 283 App. Div. 214, 217-218, affd. 308 N. Y. 864.)
Motion denied. Settle order on notice.