■ MILTON J. BASS, as Conservator of the Person and Property of DOROTHY E. BASS, et al., Plaintiffs, v EDWIN L. FRANCE et al., Defendants. ALVIN DORFMAN, as Administrator of the Estate of STEPHEN HYMER, Deceased, Appellant, v DOROTHY E. BASS et al., Respondents, and STEPHEN E. JOHNSON et al., Appellants.—Order, Supreme Court, New York County, entered January 24, 1978, which, *inter alia,* granted consolidation, modified, on the law and in the exercise of discretion, to provide for a joint trial, and, as modified, otherwise affirmed, without costs. Appeal by Alvin Dorfman from the order of the Supreme Court, New York County, entered June 14, 1978, denying reargument, is dismissed as nonappealable, without costs. These two actions, stemming from the same collision, present common questions of law and fact (CPLR 602, subd [a]; *Chudyk v 5th Ave. Coach Line,* 6 AD2d 1003). However, it was an improvident exercise of discretion to order consolidation rather than a joint trial. Consolidation was inappropri-

ate since Milton James Bass, as conservator of the person and property of Dorothy Elizabeth Bass, would have been both a plaintiff and a defendant in the consolidated action. The conservator's dual role, as a plaintiff and a defendant, could have been a source of confusion at a jury trial of the consolidated action. *(Padilla v Greyhound Lines,* 29 AD2d 495, 497, 498.) Upon this record, we find no conflict of interest in the representation of the conservator and Olins by the same firm of Bower & Gardner. Concur— Murphy, P. J., Bloom and Lane, JJ.

Silverman, J., dissents in part in a memorandum as follows: I would affirm the order appealed from. The distinction between consolidation and joint trial is not of sufficient practical importance to warrant our interfering with Special Term's discretion.