Marshall v Marshall (2021 NY Slip Op 05194)





Marshall v Marshall


2021 NY Slip Op 05194


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


632 CA 20-00980

[*1]HELEN A. MARSHALL, NOW KNOWN AS HELEN BRADLEY, PLAINTIFF-APPELLANT,
v
JERRY MARSHALL, DEFENDANT-RESPONDENT. 






ANGELO T. CALLERI, P.C., ROCHESTER (ANGELO T. CALLERI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
KAMAN BERLOVE MARAFIOTI JACOBSTEIN & GOLDMAN, LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Ontario County (Cynthia Snodgrass, R.), dated January 2, 2020. The order denied the motion of plaintiff seeking, among other things, to "correct" a judgment of divorce. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed with costs, defendant is awarded pursuant to 22 NYCRR 130-1.1 costs in the form of reimbursement by Angelo T. Calleri for actual expenses reasonably incurred and reasonable attorney's fees and the matter is remitted to Supreme Court, Ontario County, for further proceedings in accordance with the following memorandum: Plaintiff appeals from an order that, inter alia, denied her motion seeking, among other things, to "correct" the parties' judgment of divorce by increasing the amount of defendant's spousal maintenance payments and to vacate the judgment pursuant to CPLR 5015 (a) (1) insofar as the judgment denied her application for attorney's fees. The judgment was entered January 5, 2018; plaintiff did not appeal therefrom. Instead, on July 24, 2019, she filed her motion, by amended order to show cause, described above.
Contrary to plaintiff's contention, Supreme Court properly refused to "correct" the judgment as to the amount of defendant's maintenance payments. The relief that plaintiff seeks cannot be obtained under the sections of the CPLR upon which she relies, i.e., CPLR 2001 or 5019 (a). Under CPLR 2001, a court may disregard a party's error, such as a clerical error, "if a substantial right of a party is not prejudiced" (id.; see Matter of Tagliaferri v Weiler, 1 NY3d 605, 606 [2004]). Similarly, the types of mistakes correctable under CPLR 5019 (a) are "mere ministerial ones, not those involving new exercises of discretion or a further turn of the fact-finding wheel" (Siegel & Connors, NY Prac § 420 [6th ed 2018]; see Meenan v Meenan, 103 AD3d 1277, 1278-1279 [4th Dept 2013]).
Contrary to plaintiff's further contention, the court properly denied that part of her motion seeking relief based on excusable default (see CPLR 5015 [a] [1]). CPLR 5015 (a) (1) relief is unavailable where, as here, there was no default. The record establishes that the denial of plaintiff's application for an award of attorney's fees was based not on a default, but on the court's discretionary assessment after a three-day trial that the proof in the trial record did not support such an award. We likewise reject plaintiff's request that we impose sanctions on defendant.
Finally, we consider defendant's request for costs, attorney's fees, and sanctions pursuant to 22 NYCRR 130-1.1. We grant defendant's request in part and award costs in the form of reimbursement by plaintiff's attorney, Angelo T. Calleri, for actual expenses reasonably incurred and reasonable attorney's fees resulting from the frivolous conduct of Calleri in prosecuting this appeal (see 22 NYCRR 130-1.1 [a], [b]; Sonkin v Sonkin, 157 AD3d 414, 415 [1st Dept 2018], lv denied 32 NY3d 904 [2018]), and we remit the matter to Supreme Court to determine such [*2]amount (see Heilbut v Heilbut, 18 AD3d 1, 9 [1st Dept 2005]). "[C]onduct is frivolous if: (1) it is completely without merit in law and cannot be supported by a reasonable argument for an extension, modification or reversal of existing law; (2) it is undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another; or (3) it asserts material factual statements that are false" (22 NYCRR 130-1.1 [c]). We conclude that Calleri's appellate brief is replete with arguments that qualify as frivolous under the first paragraph of subdivision (c). Indeed, plaintiff's frivolous request that we impose sanctions against defendant by itself qualifies as frivolous conduct (see id.).
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court