## Wilmington Sav. Fund Socy., FSB v Decatur 1147 LLC

2025 NY Slip Op 34398(U)

November 13, 2025

Supreme Court, Kings County

Docket Number: Index No. 500140/2024

Judge: Menachem M. Mirocznik

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At IAS Part FRP5 of the Supreme
Court of the State of New York, held
in and for the County of Kings, at the
Courthouse located at 360 Adams Street,
Brooklyn, NY 11201, on the 13th of
November 2025

**PRESENT:** HON. MENACHEM M. MIROCZNIK
JUSTICE OF THE SUPREME COURT

---

WILMINGTON SAVINGS FUND SOCIETY, FSB,
D/B/A CHRISTIANA TRUST AS TRUSTEE FOR
PNPMS TRUST I,

Plaintiff,

-against-

DECATUR 1147 LLC, SIMKHA FRIDMAN, and
"JOHN DOE #1" through "JOHN DOE #10," said
names being fictitious and unknown to plaintiff,
intended to be possible tenants or occupants of the
premises, or corporations, persons, or other entities
having or claiming a lien upon the mortgaged premises

Defendants.

**Index No. 500140/2024**

**Decision and Order**
**(Motion Seq. 3, 4 and 5)**

| Papers | Numbered |
|---|---|
| Notice of Motion (Seq. 3) | NYSCEF Doc. 64-67 |
| Opposition Papers (Seq. 3) | NYSCEF Doc. 76-90 |
| Notice of Cross-Motion (Seq. 4) | NYSCEF Doc. 91-101 |
| Notice of Motion (Seq. 5) | NYSCEF Doc. 102-130 |
| Opposition Papers (Seq. 5) | NYSCEF Doc. 131-136 |
| Opposition to Cross-Motion/Reply (Seq. 3-4) | NYSCEF Doc. 137 |
| Reply Papers (Seq. 5) | NYSCEF Doc. 138 |

Upon the foregoing papers, the motions and cross-motion are determined in accordance with this Decision and Order as follows:

### Relevant Factual Procedural History

Prior to commencement of the instant action, non-party Orrin Cumberbatch ("Borrower") executed two mortgages encumbering the property known as 1147 Decatur Street, Brooklyn, NY 11207 ("property"). The first mortgage ("first mortgage") was executed on October 2, 2006, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage Corp., in the principal amount of $488,000. The second mortgage ("second mortgage") was executed on October 2, 2006, in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for WMC Mortgage Corp in the principal amount of $122,000.

[* 1]

A foreclosure action was commenced on February 3, 2009, seeking to foreclose the first mortgage entitled *Deutsche Bank National Trust Company as Trustee et al v. Orrin Cumberbatch et al* under index no 2679/2009. On September 19, 2013 the action was dismissed pursuant to CPLR 3215(c).

A second foreclosure action was commenced on July 22, 2014, seeking to foreclose the first mortgage *Deutsche Bank National Trust Company as Trustee el al v. Orrin Cumberbatch et al* under index no 10681/2014. The second foreclosure action was discontinued as settled and the first mortgage was released.

By deed dated June 20, 2007, Borrower transferred the property to George James. By deed dated May 29, 2014, George James transferred the property to 1147 Decatur Corp. By deed dated December 27, 2017, the property was transferred to defendant Decatur 1147 LLC ("defendant").

On March 13, 2018, defendant commenced a quite title action ("quiet title action") seeking to discharge the second mortgage as barred by the statute of limitation in New York County in an action entitled *Decatur 1147 LLC v. Anson Street LLC* under index no 152253/2018.

On March 5, 2020, a default judgment was issued in the quiet title action discharging the second mortgage pursuant to RPAPL 1501(4) as being barred by the statute of limitations.

Thereafter, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust as Trustee for PNPMS Trust I ("plaintiff"), as Anson Street LLC's successor in interest moved to vacate the default judgment and restore the second mortgage. By order dated September 29, 2022, the motion was denied and on November 9, 2023, the Appellate Division, First Department reversed and granted the motion vacating the default judgment. See *Decatur 1147 LLC v. Anson Street LLC,* 221 Ad3d 425 [1st Dept. 2023]

The quiet title action remains pending the parties stipulated to a schedule for discovery and the Court issued a compliance conference order directing full compliance with discovery.

This action was on commenced on January 2, 2024, seeking to foreclose the second mortgage. On March 14, 2024, defendant served an answer with affirmative defenses which was rejected by plaintiff as untimely.

Defendant moved to compel acceptance of its answer and plaintiff cross-moved for a default judgment and order of reference. In an order dated July 3, 2024, the Court granted defendant's motion and denied plaintiff's cross-motion finding that defendant's proffered statute of limitations defense is potentially meritorious at least as to portion of the debt.

On January 30, 2025, defendant filed an answer which was amended on February 18, 2025, which asserts various affirmative defenses including the bar of the statute of limitations and several counterclaims including to quiet title and discharge the mortgage as barred by the statute of limitations. Plaintiff did not file a reply to defendant's counterclaims.

[* 2]

On February 21, 2025, defendant served a notice of deposition and document demands on plaintiff. Defendant avers that plaintiff has yet to respond.

On December 13, 2024, plaintiff moved (seq. 3) for the appointment of a receiver citing the mortgage, RPL 254, RPAPL 1325 and CPLR 6401. Defendant opposes the motion and cross-moves (seq. 4) for a default judgment on its counterclaim to discharge the mortgage pursuant to RPAPL 1501(4) asserting plaintiff's failure to reply constitutes an admission of unenforceability. As it relates to the receivership, defendant argues that plaintiff cannot obtain affirmative relief while in default of answering defendant's counterclaims, which seek to quiet title and declare the mortgage void under the statute of limitations. Defendant further contends the right to a receiver is not absolute and requires proof of acceleration and necessity which has not been established.

In opposition to the cross-motion and in further support of the motion, plaintiff argues that a default judgment should be denied because defendant's counterclaim lacks factual and legal basis and fails to show any act of acceleration triggering the statute of limitations. Plaintiff contends that default judgment requires proof of a valid claim, not merely nonresponse, and that courts favor adjudication on the merits. Plaintiff argues its delay in replying was inadvertent caused by law office failure and seeks relief under CPLR 3012(d) in its concurrent motion (seq. 5 infra) for summary judgment.

Plaintiff also moves (seq. 5) for summary judgment on its cause of action to foreclose the mortgage, for summary dismissal of the defendant's counterclaims, to appoint a referee to compute, to extend its time to file a reply, to consolidate this action with the quiet title action, for summary judgment on all claims in the quiet title action and to impose sanctions on defendant for frivolous conduct. Plaintiff argues it has made a prima facie showing by producing the note, mortgage, assignments, and evidence of borrower default. Plaintiff further contends that defendant's defenses are meritless because no act of acceleration has been established, and the loan remains valid. Plaintiff seeks vacate its default to reply to defendant's counterclaims based on a reasonable excuse of law office failure, in as much as the default was caused to calendaring error and counsels birth of a child and a potentially meritorious defense, and seeks sanctions for defendant's alleged frivolous conduct

Defendant opposes, arguing that plaintiff failed to timely reply to the counterclaims, and therefore cannot seek affirmative relief while in default. Defendant contends plaintiff failed to demonstrate a reasonable excuse and lacks a meritorious defense. Defendant further contends that plaintiff cannot seek summary judgment on the counterclaims because it is in default and summary judgment cannot be sought prior to joinder of issue. Defendant argues that plaintiff failed meet its prima facie burden on summary judgment and that affidavit of State bridge lacks sufficient foundation, fails to demonstrate default, that the loan was actually funded, and that plaintiff has standing as the endorsement on the note in not legible. Defendant notes that the payment history appears to only pertain to the period from when State bridge commenced servicing and not before. Lastly, defendant contends that discovery is needed as plaintiff has not complied with the discovery demands and the information requested in the exclusive possession of plaintiff and its predecessors in interest.

In reply, plaintiff asserts that its delay in replying to the counterclaim was inadvertent and excusable, that a default judgment is unwarranted, and that the court should exercise its discretion to allow a late reply. Plaintiff further argues that defendant's opposition fails to present any admissible evidence rebutting its prima facie case. Plaintiff also emphasizes that there is a strong judicial preference for cases to be decided on the merits, not by default, and notes that defendant does not contest the request for consolidation with the quiet title action.

## Discussion

Initially, plaintiff's motion for the appointment of a receiver and defendant's cross-motion for a default judgment are both denied.

Paragraph 22 of the mortgage m question provides as follows with respect to the appointment of a receiver.

> "As additional protection for Leader, I give to lender all of my rights to any rental payments from the Property. However, until Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or until I abandon the Property, I have the right to collect and keep those rental payments as they become due. I have not given any of my rights to rental payments from the Property to anyone other than the holder of the Superior Mortgage, and I will not do so without lender's consent in writing. If Lender requires Immediate Payment In Full under Paragraphs 19 or 20 above, or if I abandon the Property, then Lender, persons authorized by Lender, or a receiver appointed by a court at Lenders request may: (A) collect the rental payments, including overdue rental payments, directly from the tenants; (B) enter on and take possession of the Property; (C) manage the Property; and (D) sign, cancel and change leases. I agree that if Lender notifies the tenants that lender has the right to collect rental payments directly from them under this Paragraph 22, the tenants may make those rental payments to Lender without having to ask whether I have failed to keep my promises and agreements under this Mortgage ... "

Accordingly, the giving of notice of default and notice to tenants are conditions precedent to the relief plaintiff seeks. Here, plaintiff failed to establish it complied with said conditions precedent. Regardless of the sufficiency of the opposition papers. See generally See *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]

Additionally, "[a]lthough the mortgage agreement at issue contains a provision which specifically authorizes the appointment of a receiver upon application by the mortgagee in any action to foreclose *(see* Real Propeliy Law § 254[10] ), it is well settled that "[a]n action to foreclose a mortgage is an action in equity... Thus, a court of equity, in its discretion and under appropriate circumstances, may deny such an application" *ADHY Advisors LLC v 530 W. J52nd St. LLC*, 82 AD3d 619 [1st Dept 201 l][internal citations omitted] See also *HS'BC Bank US:4, NA.*

*v Rubin*, 210 AD3d 73 [2d Dept 2022]; *Bunk of Am.. N.A. v Schoharie Senior Hous. Dev. Fund Co,p.,* 166 AD3d 1114 [3d Dept 2018]

Here, as attested by defendant and not disputed by plaintiff, defendant invested substantial sums of money into the property, has apparently adequately managed and continues to pay the carrying costs of the property and there is an undisputed cushion of equity. Therefore, there is no risk to plaintiff's security. That coupled with defendant's dispute as to the enforceability of the mortgage and plaintiff's protracted delays in enforcing its rights militate against this Court as a Court of equity from granting the appointment of a receiver. Therefore, the Court exercises its equitable discretion to deny the request for a receiver.

"A plaintiff establishes its entitlement to a default judgment by submitting evidence of service of the summons and complaint, evidence of the facts constituting the cause of action, and evidence of the defendants' default...To demonstrate the facts constituting the cause of action, the plaintiff need only submit sufficient proof to enable a court to determine if the cause of action is viable" *Wilmington Sav. Fund Socy., FSB v Stopanio,* 240 AD3d 939 [2d Dept 2025] [internal citations and quotation marks omitted]

Here, as correctly noted by plaintiff, defendant has not demonstrated entitlement to a default judgment in accordance with CPLR 3215[f]. Defendant has not pointed to any prior acceleration of the subject loan prior to commencement of the instant action and therefore failed to establish its claim. See e.g. *HSBC Bank USA, NA. v. Betts,* 67 Ad3d 735 [2d Dept 2009]; See also *U.S. Bank N.A. v Simpson,* 216 AD3d 1043 [2d Dept 2023]; See also *Deutsche Bank Natl. Trust Co. v Hossain,* 196 AD3d 631 [2d Dept 2021]; *JPMorgan Chase Bank, N.A. v Hors.field* 227 AD3d 790 [2d Dept 2024]

A Court does not simply grant default judgments simply because a party defaulted. The moving party must meet their burden to be entitled to relief. Therefore, defendant motion for a default judgment on its counterclaim is denied.

Turning to plaintiffs request for summary judgment, "(a]s we have stated frequently, the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact... Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers ... Once this showing has been made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Alvarez v Prospect Ho.SA,* 68 NY2d 320, 324 [1986][citations omitted]; See also *Zuckerman v. New York,* 49 NY2d 557 (1980); *Nomura Asset Capital Corp. v. Cadwalader. Wickersham & Tqft. LLP,* 26 NY3d 40 [2015].

"[A] motion for summary judgment will not be granted if it depends on proof that would be inadmissible at the trial under some exclusionary rule of evidence ... Records made in the regular course of business are hearsay when offered for the truth of their contents ... When a party relies upon the business records exception to the hearsay rule in attempting to establish its prima facie case, '[a] proper foundation for the admission of a business record must be provided by someone

[* 5]

with personal knowledge of the maker's business practices and procedures." *HSBC Bank USA. NA. v Vasishta,* 241 AD3d 1299 [2d Dept 2025][internal citations and quotation marks omitted]

"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" *Hudson City Sav. Bank v Genuth,* 148 AD3d 687 [2d Dept 2017]. This showing shifts the burden to the non-movant to present evidence in admissible form sufficient to raise a material issue of fact requiring a trial. See *Gesuale v. Campanelli & Assocs., PC,* 126 AD3d 936 [2d Dept 2015]; See also *First Intern. Bank of Israel, Ltd. v L. Blankstein & Son, Inc.,* 59 NY2d 436 [1983] ["Where, as here, plaintiff moves for summary judgment on a debt instrument, the non-movant can only defeat the motion by raising material issues of fact which are "genuine and based on proof, not shadowy and conclusory statements."]

However, "[w]here, as here, the plaintiffs standing has been placed in issue by the defendant's answer, the plaintiff must prove its standing as part of its prima facie showing on a motion for summary judgment" *US Bank NA. v Moulton,* 179 AD3d 734, 736 [2d Dept 2020]; See also *Deutsche Bank Nat. Tr. Co. v Brewton,* 142 AD3d 683, 684 [2d Dept 2016]["Where, as here, standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief"]

"In a mortgage foreclosure action, a [party] has standing where it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced ... Moreover, while assignment of a promissory note also effectuates assignment of the mortgage ... the converse is not true: since a mortgage is merely security for a debt, it cannot exist independently of the debt, and thus, a transfer or assignment of only the mortgage without the debt is a nullity and no interest is acquired by it." *US Bank Nat. Ass'n v Dellarmo,* 94 AD3d 746 [2d Dept 2012][internal citations and quotation marks omitted]; See also *Citimortgage, Inc. v Stosel,* 89 AD3d 887 [2d Dept 201 1]["an assignment of the mortgage without assignment of the underlying note or bond is a nullity"]

Additionally, in general, a plaintiff can establish prima facie that it had standing to commence the action by annexing a copy of the subject note endorsed in blank to the complaint. *US Bank NA. v Auguste,* 173 AD3d 930 [2d Dept 2019]; *Bank of New York Mellon v Sw[/t,* 213 AD3d 624 [2d Dept 2023]; *Selene Fin., L.P v Coleman,* 187 AD3d 1082 [2d Dept 2020]; *US Bank NA. v Rozo-Castellanos,* 201 AD3d 995 [2d Dept 2022]

Here, while it appears that the note attached to the complaint appears to contain an endorsement, the same is illegible, may be crossed out and it cannot be ascertained who endorsed the note and whether the same is effective. Therefore, plaintiff failed to establish prima facie it has standing to maintain this action. See generally *Wilson v. Bodian,,* 130 Ad2d 221 [2d Dept 1987]

Additionally, in support of the motion, plaintiff relies on the affidavit Scott Drosdick an alleged "officer or employer" of Statebridge the purported servicer of plaintiff. As proof of authority, Mr. Drosdick annexed a "limited power of attorney" executed by plaintiff. However, the power of attorney is expressly limited by "related trust agreements" which have not been proffered. Therefore, the power of attorney is insufficient to demonstrate that plaintiff's affiant possessed the

[* 6]

requisite authority to act on behalf of plaintiff. See *US Bank NA. v Tesoriero*, 204 AD3d 1066, 1068 [2d Dept 2022] ["the limited power of attorney submitted... restricted and conditioned its authority based on the terms of other agreements which were not provided by the plaintiff. Thus, the limited power of attorney was insufficient to demonstrate that Nationstar possessed the authority to act on behalf of the plaintiff]

Therefore, plaintiff failed to establish prima facie entitlement to judgment as a matter of law on its cause of action to foreclose the mortgage.

Moreover, defendant is correct that discovery has not been completed, plaintiff failed to comply with its discovery obligations and that facts justifying opposition may exist **and are** exclusively within the possession of plaintiff and/or its predecessors in interest. Defendant contends the loan was previously accelerated more than six years prior to commencement of this action. Said contention may be proved by correspondence and monthly statements sent to the borrower since the alleged default in payment as well as other discoverable information.

"CPLR 3212 (f) permits a party opposing summary judgment to obtain further discovery when it appears that facts supporting the position of the opposing party exist but cannot be stated... This is especially so where the opposing pm1y has not had a reasonable opportunity for disclosure prior to the making of the motion" *TD Bank, NA. v 126 Spruce St., LLC*, 117 AD3d 716 [2d Dept 2014][intimal citations and quotation marks omitted]

Therefore, summary judgment is premature prior to the completion of discovery.

Finally, as correctly noted by defendant, plaintiff is in default and may not seek summary judgment dismissing defendant's counterclaims prior to joinder of issue. "A motion for summary judgment may not be made before issue is joined ... and the requirement is strictly adhered to... The appropriate response to a counterclaim is a reply ... It serves the same function with relation to a counterclaim that an answer serves to a complaint. Because the [plaintiff] had not replied to the.... counterclaim, their 3212 motion for summary judgment preceded joinder of issue and was untimely." *Rochester v Chiarella*, 65 NY2d 92 [1985]

Accordingly, plaintiffs motion for summary judgment is denied.

"Under CPLR 3012(d), [u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default ... The determination of what constitutes a reasonable excuse lies within the Supreme Court's discretion." *Stewart Tit. Ins. Co. v Bcmk of¹/eiv York l'v1ef!on*, i54 AD3d 656 [2d Dept 2017][internal citations and quotation marks omitted]; "In seeking to vacate a default in serving a reply to counterclaims, a party must establish both a reasonable excuse for its delay in replying and a potentially meritorious defense to the counterclaims ... Where a party asserts law office failure as an excuse, it must provide a detailed and credible explanation of the default." *U.S. Bunk NA. v Gordon*, 202 AD3d 871 [2d Dept 2022][internal citations and quotation marks omitted]

[* 7]

However, contrary to defendant's contentions, plaintiff established a reasonable excuse and potentially meritorious defense to the counterclaim. As noted above, a *potentially* meritorious defense exists in as much as the loan may not have been accelerated prior to commencement of this action and therefore at least a portion of the subject loan may not be time barred. Further this Court accepts plaintiffs excuse of law of office failure in the exercise of its broad discretion.

Therefore, plaintiffs motion to vacate its default in replying to defendant's counterclaims is granted.

Turning to plaintiffs request for consolidation, "[a] motion to consolidate two or more actions rests within the sound discretion of the trial court... Where common questions of law or fact exist, consolidation is warranted unless the opposing party demonstrates prejudice to a substantial right" *Matter of Joseph J,* 106 AD3d 1004, 1006 [2d Dept 2013][internal citations and quotation marks omitted]

However, where confusion may arise because certain parties would appear as both a plaintiff and defendant in the consolidated action, consolidation should not be granted, and a joint trial would be more appropriate. See *M & K Computer Corp. v MES Indus.,* 271 AD2d 660, 660 [2d Dept 2000][Consolidation would be inappropriate where "certain parties would appear as both plaintiff and defendant in the consolidated action"]; *Geneva Temps, Inc. v New World Communities, Inc.,* 24 AD3d 332 [1st Dept 2005]["to avoid jury confusion the actions should not be consolidated if that results in a party being both plaintiff and defendant as is the effect in the instant case... We therefore grant plaintiffs motion to consolidate only to the extent of ordering a joint trial"][internal citations omitted]; See also *Bass v France,* 70 AD2d 849 [1st Dept 1979]

Here, consolidation would causes parties to appear as both a plaintiff and defendant under the same caption and would cause confusion. Therefore, joint trial would be more appropriate then consolidation.

Lastly, plaintiffs motion for sanction is denied in the Court's discretion. Plaintiffs directives and subjective interpretations as to the merits of defendant's claims do not warrant the imposition sanctions. Plaintiff is cautioned that a frivolous motion for sanctions is itself sanctionable. See e.g. *Marshall v Marshall,* 198 AD3d 1288 [4th Dept 2021]; *Patterson v Balaquiot,* 188 AD2d 275 [1st Dept 1992]

Accordingly, it is hereby

**ORDERED,** that plaintiff's motion for the appointment of a receiver (Seq. 3) is DENIED; and it is further,

**ORDERED,** that defendant's cross-motion for a default judgment (Seq. 4) is DENIED; and it is further

**ORDERED,** that plaintiff's motion (Seq. 5) is GRANTED solely to the extent that plaintiff's default in filing a reply to defendant's counterclaims is vacated, the action entitled

*Decatur 1147 LLC v. Anson Street LLC* under index no 152253/2018 is removed to this Court for a joint trial and the remainder of the requested relief is DENIED; and it is further

**ORDERED,** plaintiff shall file its reply to defendant's counterclaims within ten days of entry of this order; and it is further

**ORDERED,** that the parties shall complete discovery and file a joint letter updating the Court on the progress of discovery within 60 days of entry of this order; and it is further

**ORDERED,** discovery shall not be stayed pursuant to CPLR 3214[b] and no further motions shall be filed prior to completion of discovery.

This constitutes the decision and order of the Court.

ENTER:

_____
Hon. Menachem M. Mirocznik, J.S.C

[* 9]